UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALYSON BOTTONI, ET AL., | § § § § | |
| *Plaintiffs,* | § § | Civil Action No. 3:20-CV-1442-X |
| v. | § § | |
| CARLOS M. HERNANDEZ, ET AL., | § § § § § | Consolidated with:<br>Civil Action No. 3:20-CV-1558-X<br>Civil Action No. 3:21-CV-0353-X |
| *Defendants.* | | |

# ORDER AND FINAL JUDGMENT

On September 19, 2023, the Court held a hearing on Lead Plaintiff's Motion for Final Approval of Derivative Settlement, Award of Attorneys' Fees and Expenses, and Payment of Plaintiffs' Service Awards [Doc. 54] in this stockholder derivative action. The Lead Plaintiff filed the motion and the Defendants do not oppose it. For the following reasons, the Court **GRANTS IN PART** the motion and reserves judgment on the award of attorneys' fees and expenses until Plaintiffs submit contemporaneous time records to the Court in camera. Because the Court approves the Settlement, this Order constitutes a Final Judgment in this case. Accordingly, the Court **DISMISSES WITH PREJUDICE** all claims against the Defendants and concludes as follows:

1. Unless otherwise defined herein, all defined terms shall have the meanings as set forth in the Stipulation [Doc. 42-3].

2. The Notice of Pendency and Proposed Settlement of Derivative Action (the "Notice") has been disseminated to Fluor's stockholders pursuant to and in the manner directed by the Preliminary Approval Order, proof of dissemination of the

notice by mailing and publication has been filed with the Court, and full opportunity to be heard has been offered to all parties to the Action, and to Fluor's current stockholders. The form and manner of notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, due process, and all other applicable laws, and it is further determined that Fluor and Fluor's current stockholders are bound by the Judgment herein.

3. The Stipulation [Doc. 42-3] and the terms of the Settlement as described in the Stipulation and the Notice are found to be fair, reasonable, adequate, and in the best interests of Fluor and its stockholders and are hereby approved pursuant to Rule 23.1 of the Federal Rules of Civil Procedure. The Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with the terms and provisions set forth in the Stipulation [Doc. 42-3], and the Clerk of the Court is directed to enter and docket this Judgment in the Action.

4. The Court hereby approves the requested service awards for each of the Plaintiffs, to be paid from Plaintiffs' Counsel's attorneys' fees award in recognition of Plaintiffs' participation and efforts in connection with the litigation.

5. During the course of the litigation of the Action, all Parties and their respective counsel acted in good faith and complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure and all other similar laws.

6. This Judgment shall not constitute any evidence or admission by any Party that any acts of wrongdoing have been committed by any of the Parties and should not be deemed to create any inference that there is any liability therefore.

7. The Released Claims are hereby completely, fully, finally, absolutely and forever discharged, dismissed with prejudice, settled, enjoined, released, relinquished, and compromised. "Released Claims" means the Released Defendant Claims and the Released Stockholder Claims.

    a. "Released Stockholder Claims" means any and all claims, rights, demands, obligations, controversies, debts, disputes, damages, losses, actions, causes of action, sums of money due, judgments, suits, amounts, matters, issues, liabilities, and charges of any kind or nature whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), and claims for relief of every nature and description whatsoever, whether in law or equity, including both known claims and Unknown Claims (as defined in Paragraph I(z) of the Stipulation), suspected or unsuspected, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law, or any other law, rule, or regulation, whether foreign or domestic, that Fluor, Plaintiffs derivatively on behalf of Fluor, or any Fluor stockholder derivatively on behalf of Fluor (i) asserted in any of the complaints filed in the Actions, or (ii) could have asserted in any court, tribunal, forum, or proceeding, arising out of, relating to, or based upon the facts, allegations, events, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances that were alleged or referred to

in any of the complaints filed in the Actions; provided, however, that the Released Stockholder Claims shall not include (1) any claims relating to the enforcement of the Settlement or this Stipulation, or (2) any claims that arise out of or are based upon any conduct of the Released Defendant Persons after the Effective Date.

b. "Released Defendant Claims" means any and all claims, rights, demands, obligations, controversies, debts, damages, losses, causes of action, and liabilities of any kind or nature whatsoever, whether in law or equity, including both known claims and Unknown Claims (as defined in Paragraph I(z) of the Stipulation), suspected or unsuspected, accrued or unaccrued, that Defendants have or could have asserted against the Released Stockholder Persons or their counsel, arising out of the institution, prosecution, or settlement of the claims asserted against Defendants in the Actions that Defendants (i) asserted in the Actions, or (ii) could have asserted in the Actions, or in any other forum that arise out of, relate to, or are based upon, any of the allegations, transactions, facts, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions, alleged or referred to in any of the complaints filed in the Actions; provided, however, that the Released Defendant Claims shall not include (1) any claims relating to the enforcement of the Settlement or this Stipulation, (2) any claims by the Defendants relating to insurance coverage or the right to indemnification, or (3) any claims that

arise out of or are based upon any conduct of the Released Stockholder Persons after the Effective Date.

8.   The effectiveness of the provisions of this Order and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the issue of Plaintiffs' Counsel's application for an award of attorneys' fees and expenses and service awards for Plaintiffs.

9.   Without affecting the finality of this Judgment in any way, and subject to the terms of the Stipulation of Settlement, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; and (b) all Parties and the Parties' counsel hereto for the sole purpose of construing, enforcing, and administering the Stipulation and this Judgment.

10.   There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed by the Court.

In light of the foregoing conclusions, the Court **GRANTS IN PART** the motion [Doc. 54] and **DISMISSES WITH PREJUDICE** all claims against the Defendants.

At the hearing, the Court informed Plaintiffs that, before the Court could enter judgment on an award of attorneys' fees and expenses, Plaintiffs must submit, in camera, contemporaneous time records in connection with this action within 30 days. Anticipating that clarification, the Court reserves judgment on the award of attorneys' fees and expenses and **ORDERS** Plaintiffs to submit the records to the Court by October 20, 2023.

**IT IS SO ORDERED** this 19th day of September, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE