UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALYSON BOTTONI, et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | Civil Action No. 3:20-CV-1442-X |
| v. | § | |
| | § | Consolidated with: |
| CARLOS M. HERNANDEZ, et al., | § | Civil Action No. 3:20-CV-1558-X |
| | § | Civil Action No. 3:21-CV-0353-X |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**
**AWARDING ATTORNEYS' FEES AND COSTS**

The Court's final judgment in this matter notes that before the Court could enter a judgment on an award of attorneys' fees and expenses that the Plaintiffs must submit time records. The Court has reviewed those time records Plaintiffs' counsel submitted and will analyze first the lodestar and then the *Johnson* factors.

*Lodestar*. Plaintiffs' counsel provided the following information concerning hours spent, lodestar, and expenses:

| Total Hours and Lodestar for Plaintiff's Counsel | | | |
|---|---|---|---|
| *Firm* | *Hours* | *Lodestar* | *Expenses* |
| Robbins LLP | 1,104.50 | $533,040.00 | $11,303.07 |
| Scott+Scott Attorneys at Law LLP | 1,205.80 | $1,002,032.00 | $12,976.49 |
| Law Firm of Balon B. Bradley | 40.0 | $20,000.00 | $0 |
| Kilgore & Kilgore, PLLC | 6.45 | $4,192.50 | $0 |
| Gainey McKenna & Egleston | 272.97 | $227,073.25 | $5,885.96 |

| | | | |
|---|---|---|---|
| Hynes & Hernandez, LLC | 202.9 | $157,745.00 | $3,305.30 |
| Bragar Eagel & Squire, P.C. | 76.5 | $47,812.50 | $0 |
| The Rosen Law Firm, P.A. | 38.3 | $35,005.00 | $1,560.10 |
| The Brown Law Firm, P.C. | 593.2 | $424,672.50 | $7,551.28 |
| Johnson Fistel, LLP | 332.8 | $191,716.50 | $5,084.74 |
| The Weiser Law Firm, P.C. | 148.25 | $122,625.00 | $3,549.72 |
| Zamansky LLC | 330.97 | $320,883.35 | $3,554.38 |
| Schubert Jonckheer & Kolbe LLP | 318.20 | $198,297.50 | $8,500.32 |
| **TOTAL** | **4,670.84** | **$3,285,095.10** | **$63,271.36** |

In this case, Plaintiffs' counsel asks for a .71 multiplier for their lodestar minus expenses. In this end, this means counsel is seeking $63,271.36 and $2,336,728.64 for a total of $2,400,000.00. The Court finds that this is reasonable and will shift to assessing the *Johnson* factors.

*     *     *

Because Plaintiffs' counsel is asking for a *downward* variance from the lodestar, the Court uses the *Johnson* factors as a means of making sure the Court should not vary downward further. The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and

2

ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[1]   In this case, the focus is on (1), (2), (3), (4), (6), (10), and (12).

*Time and Labor Required.*  As noted above in the lodestar analysis, much time and effort was required to reach this result.  This factor weighs in favor of reasonableness.

*Novelty and Difficulty.*  This is a shareholder derivative suit.  These suits are notoriously complicated and difficult.  More need not be said on this point; this factor weighs in favor of reasonableness.  It is for these reasons the "undesirability" factor also weighs in favor of reasonableness.

*Skill Required.*  Given the notoriously complex nature of these lawsuits, naturally highly skilled counsel is required to handle litigation properly.  As a result, this factor weighs in favor of reasonableness.

*Preclusion of Other Employment.*  Expending thousands of hours on litigation certainly precludes one from participating in other cases.  As that was the case here, this factor weighs in favor of reasonableness.

*Fixed or Contingent Fee.*  Here, counsel undertook this case on a contingent fee basis—a huge risk.  Because of the risk involved, this factor supports a finding of reasonableness.

---

[1] *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated by Blanchard v. Bergeron*, 489 U.S. 87 (1989).

*Awards in Similar Cases*.  Plaintiffs inform the Court that awards of a similar amount have been approved in six other corporate governance cases from coast to coast.  Accordingly, this factor weighs in favor of reasonableness.

*    *    *

Therefore, the Court hereby **APPROVES** the Fee and Expense Amount and directs payment to Plaintiffs' Counsel of the Fee and Expense Amount in accordance with the terms of the Stipulation.

**IT IS SO ORDERED** this 24th day of July, 2025.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE